UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN BENSON,
Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC.

Defendant.

Civil Action No.

### NOTICE OF REMOVAL

Defendant, Marriott International Inc., ("Marriott") files this notice of removal pursuant to 28 U.S.C. Sec. 1446 (a) in order to remove this action from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for the County of Middlesex to the United States District Court for the District of Massachusetts at Boston.

Defendants state the following grounds for removal:

1.  Plaintiff, John Benson, commenced this action by serving the attached summons and complaint upon the defendant on May 12, 2005 in Civil Action No. 05-1143. No motion or responsive pleading has been filed in the state court.

2.  Plaintiff is a citizen of the Commonwealth of Massachusetts residing in Waltham, Middlesex County, Massachusetts.

3.  Defendant, Marriott International Inc., is a Delaware corporation with a principal office in Bethesda, Maryland.

4.  The complaint alleges sex-based discrimination in employment. The plaintiff seeks damages for lost wages, emotional distress and other economic damages. Plaintiff's claims of damage can reasonably be expected to exceed the sum of $75,000.00, exclusive of interest and costs.

5.  Since diversity of citizenship is present and the matter in

controversy exceeds $75,000.00 in value, this case is within the original jurisdiction of this Court under 28 U.S.C. Sec. 1332 and may be removed to this Court by the defendant pursuant to 28 U.S.C. Sec. 1441.

6. This notice is filed within 30 days after receipt by defendant of the attached summons and complaint.

7. Written notice of the filing of this notice will be given to the plaintiff and a copy of this notice will be filed with the Clerk for Civil Business of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for Middlesex County.

8. Pursuant to Local Rule 81.1, Marriott will file in this Court, within 30 days after filing this Notice of Removal, certified or attested copies of all records and proceedings in the Middlesex Superior Court and a certified or attested copy of all docket entries in the Middlesex Superior Court.

9. There is attached hereto a copy of all process, pleadings and orders served upon the defendants in this action.

10. Marriott reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

Respectfully submitted,

MARRIOTT INTERNATIONAL, INC.
By its attorney,

*/s/ Kevin B. Callanan*
Kevin B. Callanan, BBO # 070620
Law Office of Kevin B. Callanan
17 Accord Park Drive, Suite 101
Norwell, Massachusetts 02061
(781) 878-1604

Dated: May 27, 2005

### Certificate of Service

I certify that a true copy of the foregoing document was served upon John W. Davis, Davis & Davis, P.C., 77 Franklin St., 3rd Floor, Boston, MA 02110 by mail on May 27, 2005

*/s/ Kevin B. Callanan*
Kevin B. Callanan

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

Ⓒ

.....MIDDLESEX.....
(ss.)

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No. 05-1143

JHN BENSON ,Plaintiff(s)

v.

MARRIOTT INTERNATIONAL INC. ,Defendant(s)
Marriott International, Inc.
c/o CT Corp for Prateral ST Boston
CSC 84 State ST Bos

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon .... DAVIS + DAVIS, P.C. ............................ plaintiff's attorney, whose address is 77 FRANKLIN ST. 3RD FL. BOSTON MA 02110............ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at MIDDLESEX SUPERIOR COURT ............ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at ..................................................
the .............................................................................day of .............................
................ in the year of our Lord one thousand nine hundred and

Edward J Sullivan
Clerk

NOTIFY TO DEFENDANT—You need not appear personally... (marginal notice)

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. —001

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on .................................................................................
19 ...... .I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

.................................................................................................................................
.................................................................................................................................
.................................................................................................................................
.................................................................................................................................

Dated: ...........................................................................................................

**N.B. TO PROCESS SERVER:**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

(————————————————)
(   ............................  ..19.. )
(————————————————)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX.. .ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No.

................... Plff.

v.

................... Dft.

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                SUPERIOR COURT DEPT.
                                              CIVIL ACTION NO: 05-1143

JOHN BENSON,
    Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC.,
    Defendant,

## COMPLAINT

### Parties

1. The Plaintiff, John Benson ("Benson"), is an individual with a residence of 90 Chaffee Avenue, Waltham, Middlesex County, Massachusetts.

2. The Defendant, Marriott International, Inc. ("Marriott"), is a Massachusetts corporation with a principal place of business at 2 Cambridge Center, Cambridge, Middlesex County, Massachusetts.

### Facts

3. Benson commenced employment with Marriott in June 1982.

4. Benson was terminated in October 2004.

5. Benson received numerous pay raises and a promotion during his tenure with Marriott. At the time of Benson's termination, he was the Assistant Sous Chef.

6. Overall, Benson was regarded as a valuable employee during his 22 years with the Marriott.

7. The Marriott employed Yasemin Farrell ("Farrell") as a Kitchen Supervisor.

8. Farrell engaged in inappropriate conduct of a sexual nature on a regular basis during her employment with the Marriott.

9. Steven Long ("Long") worked for the Marriott from May 1999 through September 2001. Long worked in a managerial position.

10. Long witnessed Farrell engaging in sexual, graphic conversations on numerous occasions. Long signed an affidavit, attached hereto as Exhibit 1

11. Ralph D'Orlando ("D'Orlando") is a current employee of Marriott. Farrell grabbed and squeezed D'Orlando's nipples and attempted to grab his penis D'Orlando signed an affidavit, attached hereto as Exhibit 2.

12. Heidi Taylor ("Taylor") is a Restaurant Supervisor for the Marriott Taylor witnessed Benson treat his co-workers with dignity and respect. Taylor witnessed Farrell make sexually harassing and inappropriate comments and sexually inappropriate gestures Taylor signed an affidavit, attached hereto as Exhibit 3

13. Karen Kaltsunas is a Manager with the Marriott. Kaltsunas witnessed Benson treat his co-workers in a professional, proper manner. Kaltsunas witnessed Farrell engage in sexually inappropriate conduct, including but not limited to advertising her own personal sex site on the Internet and displaying photographs of herself that were of a sexual nature Kaltsunas signed an affidavit, attached hereto as Exhibit 4

14. Jody Troiano is a current employee of the Marriott. Troiano witnessed Benson treat his co-workers in a professional, dignified manner. While at work, Farrell solicited sexual favors from Troiano and exposed herself to Troiano Troiano signed an affidavit, attached hereto as Exhibit 5

15. Numerous managers and employees within Marriott were aware that Farrell engaged in conduct of a sexual nature and initiated conversations of a sexual nature.

16. Benson and Farrell enjoyed a friendship while each was employed at the Marriott Their relationship was always platonic.

17. On numerous occasions, Farrell would send Benson and other employees emails to the Marriot that were of a sexual nature. While the emails were racy and of a sexual nature, the emails were regarded by Benson and his colleagues as comedic

18. Benson, the Executive Chef (John Beatrice) and other Marriott managers and employees used Marriott computers for personal use, including but not limited to using Marriott computers for email.

19. It was a common practice at the Marriott for employees to use the company's computers for personal use

20. Farrell had a friendship with a manager, Danny White ("White"), who was the Banquet Chef

21. An incident occurred in which Benson reprimanded White for failing to properly perform his job duties. Farrell became upset with Benson and retaliated against him by filing a false claim of sexual harassment.

22. The Marriott failed to conduct a full, proper and effective investigation into Farrell's allegations.

23. The Marriott did not interview any of the five affiants identified above (Long, D'Orlando, Taylor, Kaltsunas or Troiano) relative to Farrell's allegations that Benson sexually harassed her.

24. The Marriott issued Farrell a "coaching and counseling" write up for her conduct

25. The Marriott suspended and then terminated Benson. The Marriott alleged that Benson violated company policy by not contributing to a work environment that is based on courtesy, consideration and respect

26. As a long-term employee, Benson was regarded by his co-workers and managers as a professional, courteous and dignified employee.

27. Farrell was regarded by her colleagues and managers as a free spirit who loved to talk about sex, promote her pornographic website and boast of her sexual exploits.

28. The Marriott terminated Benson, the male employee, but only issued a write up to Farrell, the female employee, despite the fact that Marriott managers and employees regarded Farrell as the individual who engaged in inappropriate conduct of a sexual nature.

29. The Marriott's decision to terminate Benson and issue a write up to Farrell is based upon a sex-based double-standard

## COUNT ONE

30. This is a cause of action for gender/sex based discrimination pursuant to Massachusetts General Laws, Chapter 151B, § 1, et. seq.

31. The Marriott engaged in inappropriate sexual stereotyping

31. As a result of the unlawful discrimination, Benson has suffered lost wages, emotional distress and other economic damages.

*The Plaintiff demands a jury trial on all triable issues.*

3

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John Benson

### DEFENDANTS
Marriott International, Inc.

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

5-31-05    CMS

(c) Attorney's (Firm Name, Address, and Telephone Number)
John W. Davis Esq.
77 Franklin Street, Boston, MA 02110  (617) 933-3838

Attorneys (If Known)
Kevin B. Callanan, BBO # 070620
17 Accord Park Drive, Norwell, MA 02061 (781) 878-1604

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud  ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV  ☐ 810 Selective Service  ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage |  | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability |  | ☐ 720 Labor/Mgmt. Relations  ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 861 HIA (1395ff)  ☐ 862 Black Lung (923)  ☐ 863 DIWC/DIWW (405(g))  ☐ 864 SSID Title XVI  ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts  ☐ 892 Economic Stabilization Act |
| ☐ 196 Franchise |  |  | **SOCIAL SECURITY** |  |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other  ☐ 550 Civil Rights |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sec. 1332 (a)

Brief description of cause:
Alleged sex-based discrimination in employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____    DOCKET NUMBER _____

DATE: 05-27-05

SIGNATURE OF ATTORNEY OF RECORD: Kevin J. Callanan

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **John Benson v. Marriott International, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
    - [x] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases
    - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
    - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
    - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [x]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]    NO [ ]

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division [x]    Central Division [ ]    Western Division [ ]

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Kevin B. Callanan, BBO #070620
ADDRESS   17 Accord Park Drive, Suite 101, Norwell, MA 02110
TELEPHONE NO.   (781)878-1604

(CategoryForm.wpd - 5/2/05)

# KEVIN B. CALLANAN

*ATTORNEY AT LAW*

17 ACCORD PARK DRIVE
SUITE 101
NORWELL, MASSACHUSETTS 02061

(781) 878-1604
FAX (781) 878-3154
e-mail: kbcallanan@msn.com

By Hand

May 27, 2005

Sarah A. Thornton, Clerk
United States District Court
United States Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:   John Benson v. Marriott International, Inc.

Dear Ms. Thornton:

Enclosed for filing with the Court, please find the following documents:

1. Notice of Removal, with Certificate of Service.

2. Notice of Appearance, with Certificate of Service.

3. Rule 7.1 Disclosure Statement.

Thank you for your attention.

Very truly yours,

Kevin B. Callanan

Enclosures