# KEVIN B. CALLANAN

*ATTORNEY AT LAW*

17 ACCORD PARK DRIVE
SUITE 101
NORWELL, MASSACHUSETTS 02061

(781) 878-1604
FAX (781) 878-3154
e-mail: kbcallanan@msn.com

June 7, 2005

Sarah A. Thornton, Clerk
United States District Court
United States Courthouse
1 Courthouse Way – Suite 2300
Boston, Massachusetts  02210

Re:  John Benson v. Marriott International, Inc.
     Civil Action No. 05-11112-RWZ

Dear Ms. Thornton:

This case was removed to Federal Court on May 27, 2005.

In accordance with Local Rule 81.1 (a), I enclose for filing with the Court certified copies of all records and proceedings, as well as docket entries, in the Middlesex County Superior Court in the above case.

Very truly yours,

Kevin B. Callanan

Enclosures

# MICV2005-01143

**John Benson**

**v.**

**Marriott International, Inc.**

**Removed to United States District Court**

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2005-01143

I, Mary Rosa, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 27th day of May, in the year of our Lord, Two Thousand Five.

In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 27th day of May, in the year of our Lord, Two Thousand Five.

Deputy Assistant Clerk



## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JOHN BENSON,

Plaintiff,

**05   11112 RWZ**

v.

MARRIOTT INTERNATIONAL, INC.

Civil Action No.

☐ electronic docket in the captioned case
☐ electronically filed original filed on
☑ original filed in my office on

Defendant.

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By:

Deputy Clerk

## NOTICE OF REMOVAL

Defendant, Marriott International Inc., ("Marriott") files this notice of removal pursuant to 28 U.S.C. Sec. 1446 (a) in order to remove this action from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for the County of Middlesex to the United States District Court for the District of Massachusetts at Boston.

Defendants state the following grounds for removal:

1.   Plaintiff, John Benson, commenced this action by serving the attached summons and complaint upon the defendant on May 12, 2005 in Civil Action No. 05-1143. No motion or responsive pleading has been filed in the state court.

2.   Plaintiff is a citizen of the Commonwealth of Massachusetts residing in Waltham, Middlesex County, Massachusetts.

3.   Defendant, Marriott International Inc., is a Delaware corporation with a principal office in Bethesda, Maryland.

4.   The complaint alleges sex-based discrimination in employment. The plaintiff seeks damages for lost wages, emotional distress and other economic damages. Plaintiff's claims of damage can reasonably be expected to exceed the sum of $75,000.00, exclusive of interest and costs.

5.   Since diversity of citizenship is present and the matter in

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAY 27 2005

CLERK

controversy exceeds $75,000.00 in value, this case is within the original jurisdiction of this Court under 28 U.S.C. Sec. 1332 and may be removed to this Court by the defendant pursuant to 28 U.S.C. Sec. 1441.

6.    This notice is filed within 30 days after receipt by defendant of the attached summons and complaint.

7.    Written notice of the filing of this notice will be given to the plaintiff and a copy of this notice will be filed with the Clerk for Civil Business of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for Middlesex County.

8.    Pursuant to Local Rule 81.1, Marriott will file in this Court, within 30 days after filing this Notice of Removal, certified or attested copies of all records and proceedings in the Middlesex Superior Court and a certified or attested copy of all docket entries in the Middlesex Superior Court.

9.    There is attached hereto a copy of all process, pleadings and orders served upon the defendants in this action.

10.    Marriott reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

Respectfully submitted,

MARRIOTT INTERNATIONAL, INC.
By its attorney,

Kevin B. Callanan, BBO # 070620
Law Office of Kevin B. Callanan
17 Accord Park Drive, Suite 101
Norwell, Massachusetts 02061
Dated: May 27, 2005                (781) 878-1604

## Certificate of Service

I certify that a true copy of the foregoing document was served upon John W. Davis, Davis & Davis, P.C., 77 Franklin St., 3rd Floor, Boston, MA 02110 by mail on May 27, 2005

Kevin B. Callanan

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ..... =
[ss]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

John Benson ..... Plaintiff(s)

No. 05-1143

v.

Marriott Hospitality ..... Defendant(s)
Marriott International, Inc
C/o CT Corp for Prudential St Boston
C SC 84 State St Boston

### SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon ..... Davis & Davis, P.C.
..... plaintiff's attorney, whose address is 77 Franklin St
3rd Fl, Boston MA 02116 ..... an answer to the complaint which is herewith
served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you
fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also
required to file your answer to the complaint in the office of the Clerk of this court at Middlesex
Superior Court ..... either before service upon plaintiff's attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

Witness,     Barbara J. Rouse    Esquire, at ..... 
the ..... day of
..... in the year of our Lord one thousand nine hundred and

Edward J. Sullivan
                                                                Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP.—001

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
19 . . . . . .I served a copy of the within summons. together with a copy of the complaint in this action.
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Dated: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● . . . .

## N.B. TO PROCESS SERVER:

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

(————————————————————)
(    . . . . . . . . . . . . . . . . . . . . 19 . . . )
(————————————————————)

**COMMONWEALTH OF MASSACHUSETTS**

**SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION**

. . . MIDDLESEX . . ss.

No. . . . . . . . . . .

. . . . . . . . . . . . . . . . . . . . . . . . Ptf.

v.

. . . . . . . . . . . . . . . . . . . . . . . . Def.

**SUMMONS**
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT DEPT.
                                        CIVIL ACTION NO: 05 - 1143

```
_____        )
                                )
JOHN BENSON,                    )
        Plaintiff,              )
                                )
v.                              )
                                )
MARRIOTT INTERNATIONAL, INC ,   )
        Defendant,              )
_____        )
```

## COMPLAINT

### Parties

1.  The Plaintiff, John Benson ("Benson"), is an individual with a residence of 90 Chaffee Avenue, Waltham, Middlesex County, Massachusetts.

2.  The Defendant, Marriott International, Inc. ("Marriott"), is a Massachusetts corporation with a principal place of business at 2 Cambridge Center, Cambridge, Middlesex County, Massachusetts.

### Facts

3   Benson commenced employment with Marriott in June 1982.

4   Benson was terminated in October 2004.

5   Benson received numerous pay raises and a promotion during his tenure with Marriott. At the time of Benson's termination, he was the Assistant Sous Chef.

6   Overall, Benson was regarded as a valuable employee during his 22 years with the Marriott

7.  The Marriott employed Yasemin Farrell ("Farrell") as a Kitchen Supervisor.

8.  Farrell engaged in inappropriate conduct of a sexual nature on a regular basis during her employment with the Marriott.

9.  Steven Long ("Long") worked for the Marriott from May 1999 through September 2001   Long worked in a managerial position

10. Long witnessed Farrell engaging in sexual, graphic conversations on numerous occasions. Long signed an affidavit, attached hereto as Exhibit 1

11. Ralph D'Orlando ("D'Orlando") is a current employee of Marriott. Farrell grabbed and squeezed D'Orlando's nipples and attempted to grab his penis. D'Orlando signed an affidavit, attached hereto as Exhibit 2.

12. Heidi Taylor ("Taylor") is a Restaurant Supervisor for the Marriot. Taylor witnessed Benson treat his co-workers with dignity and respect. Taylor witnessed Farrell make sexually harassing and inappropriate comments and sexually inappropriate gestures. Taylor signed an affidavit, attached hereto as Exhibit 3

13. Karen Kaltsunas is a Manager with the Marriott. Kaltsunas witnessed Benson treat his co-workers in a professional, proper manner. Kaltsunas witnessed Farrell engage in sexually inappropriate conduct, including but not limited to advertising her own personal sex site on the Internet and displaying photographs of herself that were of a sexual nature. Kaltsunas signed an affidavit, attached hereto as Exhibit 4.

14. Jody Troiano is a current employee of the Marriott. Troiano witnessed Benson treat his co-workers in a professional, dignified manner. While at work, Farrell solicited sexual favors from Troiano and exposed herself to Troiano. Troiano signed an affidavit, attached hereto as Exhibit 5

15. Numerous managers and employees within Marriott were aware that Farrell engaged in conduct of a sexual nature and initiated conversations of a sexual nature.

16. Benson and Farrell enjoyed a friendship while each was employed at the Marriott. Their relationship was always platonic.

17. On numerous occasions, Farrell would send Benson and other employees emails to the Marriot that were of a sexual nature. While the emails were racy and of a sexual nature, the emails were regarded by Benson and his colleagues as comedic

18. Benson, the Executive Chef (John Beatrice) and other Marriott managers and employees used Marriott computers for personal use, including but not limited to using Marriott computers for email.

19. It was a common practice at the Marriott for employees to use the company's computers for personal use

20. Farrell had a friendship with a manager, Danny White ("White"), who was the Banquet Chef

21. An incident occurred in which Benson reprimanded White for failing to properly perform his job duties. Farrell became upset with Benson and retaliated against him by filing a false claim of sexual harassment.

22. The Marriott failed to conduct a full, proper and effective investigation into Farrell's allegations.

23. The Marriott did not interview any of the five affiants identified above (Long, D'Orlando, Taylor, Kaltsunas or Troiano) relative to Farrell's allegations that Benson sexually harassed her.

24. The Marriott issued Farrell a "coaching and counseling" write up for her conduct.

25. The Marriott suspended and then terminated Benson. The Marriott alleged that Benson violated company policy by not contributing to a work environment that is based on courtesy, consideration and respect.

26. As a long-term employee, Benson was regarded by his co-workers and managers as a professional, courteous and dignified employee.

27. Farrell was regarded by her colleagues and managers as a free spirit who loved to talk about sex, promote her pornographic website and boast of her sexual exploits.

28. The Marriott terminated Benson, the male employee, but only issued a write up to Farrell, the female employee, despite the fact that Marriott managers and employees regarded Farrell as the individual who engaged in inappropriate conduct of a sexual nature.

29. The Marriott's decision to terminate Benson and issue a write up to Farrell is based upon a sex-based double-standard.

## COUNT ONE

30. This is a cause of action for gender/sex based discrimination pursuant to Massachusetts General Laws, Chapter 151B, § 1. et. seq.

31. The Marriott engaged in inappropriate sexual stereotyping.

31. As a result of the unlawful discrimination, Benson has suffered lost wages, emotional distress and other economic damages.

*The Plaintiff demands a jury trial on all triable issues.*

3

# KEVIN B. CALLANAN

*ATTORNEY AT LAW*

17 ACCORD PARK DRIVE
SUITE 101
NORWELL, MASSACHUSETTS 02061

(781) 878-1604
FAX (781) 878-3154
e-mail: kbcallanan@msn.com

By Hand                                              May 27, 2005

Edward J. Sullivan, Clerk of Courts
Middlesex Superior Court
40 Thorndike Street
Cambridge, Massachusetts 02141

Re:    Notice of Removal To U.S. District Court
       John Benson v. Marriott International, Inc. – Civil Action No. 05-1143

Dear Mr. Sullivan:

       Enclosed for filing with the Court is a copy of defendants' Notice of
Removal which was filed today in the U.S. District Court for the District of
Massachusetts in Boston removing the above action to that Court.

       A copy of the enclosed Notice of Removal has been served by mail upon
plaintiff's counsel, John W. Davis, Davis & Davis, P.C., 77 Franklin St., 3rd Floor,
Boston, MA 02110.

       This is to request that you furnish me with certified or attested copies of all
records and proceedings in this action together with a certified or attested copy of
all docket entries in this action so I may file same with the U.S. District Court.

       Please bill me for the cost of providing the copies requested.

       Thank you for your attention to this matter.

                                        Very truly yours,

                                        Kevin B. Callanan
                                        Attorney for Defendant

Enclosure

| CIVIL ACTION COVER SHEET | DOCKET NO (S) 05-1143 | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| JOHN BENSON | MARRIOTT INTERNATIONAL, INC. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE JOHN W. DAVIS DAVIS + DAVIS, P.C. 77 FRANKLIN ST. 3RD FL., BOSTON, MA 02110 Board of Bar Overseers number: 648389 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 F | EMPLOYMENT DISCRIM. | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . APR 04 2005 $. . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
   Subtotal $. . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . $. 36,500.00.
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. 25,000.00.
F. Other documented items of damages (describe) EMOTIONAL DISTRESS
   $. 25,000.00.
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$. . . . . . . . . .
TOTAL $. 86,500.00.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 4/1/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                             SUPERIOR COURT DEPT.
                                           CIVIL ACTION NO.:



JOHN BENSON,
    Plaintiff,

v.

MARRIOTT INTERNATIONAL, INC.,
    Defendant,

05-1143

5948E000004/04/05CIVIL          240.00
5948E000004/04/05SUR CHARGE      15.00
5948E000004/04/05SUMMONS          5.00
5948E000004/04/05SECC            20.00

## **COMPLAINT**

### Parties

1. The Plaintiff, John Benson ("Benson"), is an individual with a residence of 90 Chaffee Avenue, Waltham, Middlesex County, Massachusetts.

2. The Defendant, Marriott International, Inc. ("Marriott"), is a Massachusetts corporation with a principal place of business at 2 Cambridge Center, Cambridge, Middlesex County, Massachusetts.

### Facts

3. Benson commenced employment with Marriott in June 1982.

4. Benson was terminated in October 2004.

5. Benson received numerous pay raises and a promotion during his tenure with Marriott. At the time of Benson's termination, he was the Assistant Sous Chef.

6. Overall, Benson was regarded as a valuable employee during his 22 years with the Marriott.

7. The Marriott employed Yasemin Farrell ("Farrell") as a Kitchen Supervisor.

8. Farrell engaged in inappropriate conduct of a sexual nature on a regular basis during her employment with the Marriott.

9. Steven Long ("Long") worked for the Marriott from May 1999 through September 2001. Long worked in a managerial position.

10. Long witnessed Farrell engaging in sexual, graphic conversations on numerous occasions. Long signed an affidavit, attached hereto as Exhibit 1.

11. Ralph D'Orlando ("D'Orlando") is a current employee of Marriott. Farrell grabbed and squeezed D'Orlando's nipples and attempted to grab his penis. D'Orlando signed an affidavit, attached hereto as Exhibit 2.

12. Heidi Taylor ("Taylor") is a Restaurant Supervisor for the Marriott. Taylor witnessed Benson treat his co-workers with dignity and respect. Taylor witnessed Farrell make sexually harassing and inappropriate comments and sexually inappropriate gestures. Taylor signed an affidavit, attached hereto as Exhibit 3.

13. Karen Kaltsunas is a Manager with the Marriott. Kaltsunas witnessed Benson treat his co-workers in a professional, proper manner. Kaltsunas witnessed Farrell engage in sexually inappropriate conduct, including but not limited to advertising her own personal sex site on the Internet and displaying photographs of herself that were of a sexual nature. Kaltsunas signed an affidavit, attached hereto as Exhibit 4.

14. Jody Troiano is a current employee of the Marriott. Troiano witnessed Benson treat his co-workers in a professional, dignified manner. While at work, Farrell solicited sexual favors from Troiano and exposed herself to Troiano. Troiano signed an affidavit, attached hereto as Exhibit 5.

15. Numerous managers and employees within Marriott were aware that Farrell engaged in conduct of a sexual nature and initiated conversations of a sexual nature.

16. Benson and Farrell enjoyed a friendship while each was employed at the Marriott. Their relationship was always platonic.

17. On numerous occasions, Farrell would send Benson and other employees emails to the Marriot that were of a sexual nature. While the emails were racy and of a sexual nature, the emails were regarded by Benson and his colleagues as comedic.

18. Benson, the Executive Chef (John Beatrice) and other Marriott managers and employees used Marriott computers for personal use, including but not limited to using Marriott computers for email.

19. It was a common practice at the Marriott for employees to use the company's computers for personal use.

20. Farrell had a friendship with a manager, Danny White ("White"), who was the Banquet Chef.

21. An incident occurred in which Benson reprimanded White for failing to properly perform his job duties. Farrell became upset with Benson and retaliated against him by filing a false claim of sexual harassment.

22. The Marriott failed to conduct a full, proper and effective investigation into Farrell's allegations.

23. The Marriott did not interview any of the five affiants identified above (Long, D'Orlando, Taylor, Kaltsunas or Troiano) relative to Farrell's allegations that Benson sexually harassed her.

24. The Marriott issued Farrell a "coaching and counseling" write up for her conduct.

25. The Marriott suspended and then terminated Benson. The Marriott alleged that Benson violated company policy by not contributing to a work environment that is based on courtesy, consideration and respect.

26. As a long-term employee, Benson was regarded by his co-workers and managers as a professional, courteous and dignified employee.

27. Farrell was regarded by her colleagues and managers as a free spirit who loved to talk about sex, promote her pornographic website and boast of her sexual exploits.

28. The Marriott terminated Benson, the male employee, but only issued a write up to Farrell, the female employee, despite the fact that Marriott managers and employees regarded Farrell as the individual who engaged in inappropriate conduct of a sexual nature.

29. The Marriott's decision to terminate Benson and issue a write up to Farrell is based upon a sex-based double-standard.

## COUNT ONE

30. This is a cause of action for gender/sex based discrimination pursuant to Massachusetts General Laws, Chapter 151B, § 1, et. seq.

31. The Marriott engaged in inappropriate sexual stereotyping.

31. As a result of the unlawful discrimination, Benson has suffered lost wages, emotional distress and other economic damages.

*The Plaintiff demands a jury trial on all triable issues.*

3

WHEREFORE, the Plaintiff, Mr. Benson, prays that this Honorable Court:

I.  Enter an award of damages, reasonable attorney's fees, costs and interest against the Defendant for its violation of the M.G.L. c. 151B.

II.  Grant such other relief as this Court deems just and proper.


Dated: May 1, 2005                          JOHN BENSON,
                                            By his attorney,



                                            John W. Davis (BBO #648299)
                                            Davis & Davis, P.C.
                                            77 Franklin Street, 3rd floor
                                            Boston, MA 02110
                                            (617) 933-3838

4

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

## MICV2005-01143
### Benson v Marriott International Inc.

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 04/04/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 05/27/2005 | **Session** | F - Cv F (10A Cambridge) | | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | | |
| **Lead Case** | | **Track** | F | | | |
| **Service** | 07/03/2005 | **Answer** | 09/01/2005 | **Rule12/19/20** | 09/01/2005 | |
| **Rule 15** | 09/01/2005 | **Discovery** | 01/29/2006 | **Rule 56** | 02/28/2006 | |
| **Final PTC** | 03/30/2006 | **Disposition** | 05/29/2006 | **Jury Trial** | Yes | |

**Plaintiff**
John Benson
90 Chaffee Avenue
Active 04/04/2005

**Private Counsel 648399**
John W Davis
77 Franklin Street
3rd Floor
Boston, MA 02110
Phone: 617-933-3838
Fax: 617-933-3839
Active 04/04/2005 Notify

**Defendant**
Marriott International Inc.
2 Cambridge Center
Service pending 04/04/2005

| Date | Paper | Text |
|---|---|---|
| 04/04/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 04/04/2005 | | Origin 1, Type B22, Track F. |
| 05/11/2005 | 2.0 | Plaintiff John Benson's MOTION for appointment of special process server Jerold S. Loomis All State Conostables, Inc. allowed (MacLeod, J.) |
| 05/27/2005 | 3.0 | Case REMOVED this date to US District Court of Massachusetts by defendant Marriot International Inc. |
| 05/27/2005 | | ABOVE ACTINO THIS DAY REMOVED TO US DISTRICT COURT. |

**COMMONWEALTH OF MASSACHUSETTS**

Middlesex ss.                                  Civil Action No. 05-1143

| | |
|---|---|
| John Benson<br>Plaintiff(s)<br><br>vs.<br>Marriott International, Inc.<br>Defendant(s) | ]<br>]<br>]<br>]<br>]<br>]<br>] |

**APPOINTMENT OF
SPECIAL PROCESS SERVER
UNDER RULE 4C**

The Plaintiff moves pursuant to Rule 4C of the Massachusetts Rules of Civil Procedure
that this Court appoint **Jerold S. Loomis/All State Constables, Inc.** and/or any of his
employees or servants as process server in this matter, qualified and knowledgeable
persons in the service of all court process, limited to any and all pre-judgment service of
process. The undersigned swears that to the best of his knowledge and belief, the person
to be appointed is eighteen years of age or over and is not a party in this case and a
disinterested person.

By its Attorney:

John W. Davis, Esq.
Davis & Davis, P.C.
Park Place South
350 Park Street, Suite 201
North Reading, MA 01864
BBO# 648399
Phone: (617) 933-3838

## ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVER

This action came on for hearing before the Court, _MacLeod_, presiding
upon Plaintiff's Motion for Appointment of a Person to Serve Process, and thereupon,
consideration thereof, it is Ordered and Adjudged that: **Jerold S. Loomis/All State
Constables, Inc.** and/or any of his employees or servants are appointed Special Process
Server for the express purpose of serving any and all prejudgement service of process in
this action pursuant to Massachusetts Rule 4C of Civil Procedure.

Dated: ___5/11/05___            By: _Karen A. O'Connor_

                                Title: _Deputy Asst. Clerk_

05-1143

1

## AFFIDAVIT OF STEVEN A. LONG

1. I worked at the Marriott Hotel in Cambridge for 2 ½ years from May 1999 to September 2001. I was hired as an Assistant Sous Chef and was promoted to Banquet Chef. Both of these are management positions.

2. I worked with John Benson during the entire term of my employment. Based upon my observations, Mr. Benson treated me and other co-workers with dignity and respect.

3. Mr. Benson never engaged in inappropriate 'horseplay', nor did he ever make inappropriate comments. In fact, he seemed careful about making sure that he never offended anyone.

4. I also worked with Jasmine Farrell for approximately 1 year. She provided graphic detail about having sex with men and women. She talked about sex quite often.

5. Based upon my observations, many people used the Marriott's computers to receive and forward emails for personal reasons, including email communications of a sexual nature. This commonplace practice was known and ignored by Marriott management.

6. Based upon my observations of watching Mr. Benson, a long-time employee of the Marriott, and Ms. Farrell, who was a short-term employee, a double-standard existed.


_____          Date: 3/10 , 2005
Steven A. Long


On this _11 7D_ day of _March_ 2005, before me, the undersigned notary public, personally appeared _Steven A. Long_, proved to me through satisfactory evidence of identification, including but not limited to a Commonwealth of Massachusetts' driver's license, to be the person whose name is signed on this document, and acknowledged to me that he signed in voluntarily for its stated purpose.


_____          My commission expires: _____
NORFO...
MY COMM...

2

## AFFIDAVIT OF Ralph D'Orlando

1. I Ralph D'Orlando work at the Marriott Hotel in Cambridge. During the course of my employment, I had the opportunity to work with John Benson extensively. Mr. Benson was a hard-working, professional employee. Based upon my observations, Mr. Benson always treated his co-workers in a respectful manner and he exercised good judgment.

2. I also worked with Jasmine Ferrell extensively.   Ms. Ferrell engaged in sexually harassing behavior. For example, she would grab and squeeze my chest. On another occasion, she attempted to grab my penis.

3. Ms. Ferrell used vulgar, sexual language on a daily basis.

4. Management was aware of her behavior. It appeared that management just accepted Ms. Ferrell's conduct because she was a woman.

5. In my opinion, and based upon my observations of the manner in which the Marriott reacted to Mr. Benson's conduct and Ms. Ferrell's conduct, a double-standard existed.

Ralph D'Orlando                                Date: 2- 15. , 2005

On this _15 7h_ day of _February_ 2005, before me, the undersigned notary public, personally appeared _Ralph O'Orlando_ , proved to me through satisfactory evidence of identification, including but not limited to a Commonwealth of Massachusetts' driver's license, to be the person whose name is signed on this document, and acknowledged to me that he signed in voluntarily for its stated purpose.

My commission expires: _9/29/06_

## AFFIDAVIT OF HEIDI TAYLOR

1. I work at the Marriott Hotel in Cambridge. My title is Restaurant Supervisor. I have worked for the Marriott in Cambridge for the past 4 years.

2. I worked with John Benson for thousands upon thousands of hours. .

3. John Benson was a professional employee. He treated me with dignity and respect. I witnessed him treat other people in a similar manner.

4. John Benson never said anything to me of a sexual nature.

5. I also worked with Jasmine Ferrell. She worked as a Kitchen Supervisor. I worked with Ms. Ferrell for thousands of hours over the course of her employment.

6. Ms. Ferrell was difficult as a co-worker. She was crude and constantly used vulgar language and profanity.

7. She constantly made comments of a sexual nature. For example, she would talk about sex with various boyfriends, how she preferred to have sex with African-American men, and she would grab her crotch and wag her tongue in sexual manner.

8. Ms. Ferrell brought a French maid's uniform and a pink leotard to work. She was showing it off and exclaiming that she used it to turn guys on.

9. I was warned by Karen Kaltsunas, my boss, that Ms. Ferrell was obnoxious, but to ignore it because she worked in kitchen.

Heidi Taylor

Date: _Feb 14_, 2005

On this ____ day of ____ 2005, before me, the undersigned notary public, personally appeared _Heidi Taylor_, proved to me through satisfactory evidence of identification, including but not limited to a Commonwealth of Massachusetts' driver's license, to be the person whose name is signed on this document, and acknowledged to me that he/signed in voluntarily for its stated purpose.

My commission expires: _____



EILEEN COLLINS
Notary Public
Commonwealth of Massachusetts
My Commission Expires
July 15, 2005

### AFFIDAVIT OF KAREN KALTSUNAS

1. I work at the Marriott Hotel in Cambridge. I reside in Avon, Massachusetts.

2. I worked with John Benson side-by-side for six (6) years. I have been a manager at the Marriott Hotel since 1999.

3. John Benson was a professional employee. Based upon my observations, Mr. Benson treated me and other co-workers with dignity and respect.

4. I also worked with Jasmine Farrell for thousands of hours over the course of her employment.

5. Ms. Farrell regularly said things of a sexual nature. She bragged about having sex with male and female partners and she boasted that she had her own pornographic website. In fact, she gave me the internet address. She also brought pictures to work in which she was wearing costumes and holding sex toys.

6. Based upon my observations of watching Mr. Benson, a long-time employee of the Marriott, and Ms. Farrell, who was a short-term employee, a double-standard existed.

Karen Kaltsunas

Date: 2/15 , 2005

On this _15th_ day of _Feb._ 2005, before me, the undersigned notary public, personally appeared _Karen Curtis -Kaltsuna?_ proved to me through satisfactory evidence of identification, including but not limited to a Commonwealth of Massachusetts' driver's license, to be the person whose name is signed on this document, and acknowledged to me that he signed in voluntarily for its stated purpose.

My commission expires: 1/17/08

LOUISE LAVIN
Notary Public
Commonwealth of Massachusetts
My Commission Expires Jan. 17 2008

AFFIDAVIT OF JODY TROIANO

I work at the Cambridge Marriott Hotel. I am a full time bartender. I worked with John Benson for approximately sixteen years. John Benson was a professional employee. Based upon my observations, Mr. Benson treated me and other co-workers with dignity and respect. I also worked with Jasmine Farrell over the course of her employment. Ms. Farrell regularly said things of a sexual nature.In fact whenever myself or co-workers engaged in conversation with Ms. Farrell she always made mention of her unusual sexual appetite. Inviting to join her and her husband in three-somes, engaging in a one on one with her, offering explicit details of encounters. I recall a few incidents in the Marriotts womens locker room where Ms. Farrell exposed her breasts to me stating " Do you want to lick my titties?" another occasion exposing her shaved private and making suggestive comments. There were ohter occasions that she comported herself in this manner. Based on my observations, many co-workers used the Marriott's computers to receive and forward emails for personal reasons, including email communications of a sexual nature. Based upon my observations of watching Mr. Benson, a long-time employee of the Marriott, and Ms. Ferrell, who was a short-term employee, a double-standard existed.

Date: March 1, 2005

Jody Troiano

On this day of

appeared Jody M. Troiano 2005, before me, the undersigned notary public, personally proved to me through satisfactory evidence of identification, including but not limited to a Commonwealth of Massachusetts' driver's license, to be the person whose name is signed on this document, and acknowledged to me that she signed in voluntarily for its stated purpose.

My commission expires:

JOANNE M. WOODS
NOTARY PUBLIC
COMMONWEALTH of MASSACHUSETTS
MY COMMISSION EXPIRES
FEBRUARY 28, 2008