UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JOHN BENSON,

    Plaintiff,

v.                                     Civil Action No. 05-11112-RWZ

MARRIOTT INTERNATIONAL, INC.

    Defendant.

## ANSWER TO COMPLAINT

The defendant, Marriott International, Inc., ("Marriott") hereby answers the numbered paragraphs of the plaintiff's complaint as follows:

### Parties

1.     The defendant admits the allegations in paragraph 1 of the complaint.

2.     The defendant, Marriott, admits that it is a corporation with a place of business at 2 Cambridge Center, Cambridge, Middlesex County, Massachusetts where it operates the Cambridge Marriott Hotel, but otherwise denies the allegations in paragraph 2 of the complaint.

### Facts

3.     The defendant admits the allegations in paragraph 3 of the complaint.

4.     The defendant admits the allegations in paragraph 4 of the complaint.

5.     The defendant admits the allegations in paragraph 5 of the complaint.

6.     The defendant denies the allegations in paragraph 6 of the complaint.

7. The defendant admits the allegations in paragraph 7 of the complaint.

8. The defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint.

9. The defendant admits the allegations in paragraph 9 of the complaint.

10. The defendant admits that an affidavit by Steven Long was attached to the plaintiff's complaint as Exhibit 1, but otherwise defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 of the complaint.

11. The defendant admits that Ralph D'Orlando (" D'Orlando") is a current employee of Marriott and that an affidavit by D'Orlando was attached to the plaintiff's complaint as Exhibit 2, but otherwise defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 of the complaint.

12. The defendant admits that Heidi Taylor ("Taylor") is a restaurant manager for Marriott and that an affidavit by Taylor was attached to the plaintiff's complaint as Exhibit 3, but otherwise defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint.

13. The defendant admits that Karen Kaltsunas ("Kaltsunas") is a manager for Marriott and that an affidavit by Kaltsunas was attached to the plaintiff's complaint as Exhibit 4, but otherwise defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 of the complaint.

14. The defendant admits that Jody Troiano ("Troiano") is a current

employee of Marriott and that an affidavit by Troiano was attached to the plaintiff's complaint as Exhibit 5, but other otherwise defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 of the complaint.

15. The defendant denies the allegations in paragraph 15 of the complaint.

16. The defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint.

17. The defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17 of the complaint.

18. The defendant admits that Benson, John Beatrice, the executive chef and other Marriott managers and employees used Marriott computers for email, but otherwise defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint.

19. The defendant denies the allegations in paragraph 19 of the complaint.

20. The defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 20 of the complaint.

21. The defendant admits that Benson reprimanded Danny White, banquet chef, for failing to properly perform his job duties, but otherwise defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint.

22. The defendant denies the allegations in paragraph 22 of the complaint.

23. The defendant denies the allegations in paragraph 23 of the complaint.

24. The defendant admits the allegations in paragraph 24 of the complaint.

25. The defendant admits the allegations in paragraph 25 of the complaint.

26. The defendant denies the allegations in paragraph 26 of the complaint.

27. The defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 27 of the complaint.

28. The defendant admits that it terminated Benson and issued a "Coaching and Counseling" write up to Farrell, but otherwise defendant is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28 of the complaint.

29. The defendant denies the allegations in paragraph 29 of the complaint.

### Count One

30. This paragraph of the complaint is a conclusion of law to which no response of pleading is required.

31. The defendant denies the allegations in paragraph 31 of the complaint.

31. (*sic*) The defendant denies the allegations in the second paragraph 31 of the complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff was employed at-will and therefore was terminable at-will.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a matter of law because defendant's actions were motivated by legitimate, business reasons.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff was discharged from employment for his inappropriate conduct in violation of Marriott's policy on Harassment and Professional Conduct.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's own acts and deeds bar his claims against defendant.

WHEREFORE, the defendant requests that the plaintiff's complaint be dismissed and that the Court award defendant its costs and attorney's fees.

Respectfully submitted,

MARRIOTT INTERNATIONAL, INC.

By its attorney,

*/s/ Kevin B. Callanan*
Kevin B. Callanan, BBO #070620
Law Office of Kevin B. Callanan
17 Accord Park Drive – Suite 101
Norwell, MA 02061
781-878-1604

### Certificate of Service

I certify that a true copy of the foregoing document was served on counsel for the plaintiff, John W. Davis, Davis & Davis, P.C., 77 Franklin Street 3rd Floor, Boston, MA 02110 by mail on June 17, 2004.

*/s/ Kevin B. Callanan*
Kevin B. Callanan

5