UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

JOHN BENSON,
        Plaintiff,
                v.                      Civil Action No. 05-11112-RWZ

MARRIOTT INTERNATIONAL, INC.
        Defendant.
_____/

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT OR TO AMEND ITS ANSWER

    1.  The Settlement Agreement.

    The Defendant, Marriott International, Inc., seeks to enforce a settlement agreement entered into by the parties through counsel. The defendant states that on January 20, 2006 counsel for the plaintiff and counsel for the defendant reached an agreement to settle this case for $7,500.00.  On that date, defendant's counsel accepted the settlement offer of plaintiff's counsel and communicated its acceptance by e-mail.  See Affidavit of Attorney Kevin B. Callanan (par. 1 & 2) attached.

    The agreement between counsel was only subject to the execution of a "Settlement Agreement and Release of All Claims" and a "Stipulation of Dismissal".  These documents were forwarded to plaintiff's counsel by e-mail on January 26, 2006.  See Callanan Affidavit, par. 4.

    On February 8, 2006, before the settlement papers were executed, plaintiff's counsel informed defendant's counsel that he had been discharged by the plaintiff.  See Callanan Affidavit, par. 5.

1

Under these circumstances, there was a "meeting of the minds" between the parties resulting in an enforceable agreement to settle this case. There was a clear offer and a clear acceptance thus creating a contract. Such a contract is binding when the agreement is reached and does not depend for its validity on the subsequent execution of routine settlement papers. See *Sands v. Arruda*, 359 Mass. 591 (1971). Accordingly, the plaintiff should not be allowed to avoid the settlement agreement simply because settlement papers were not signed and the plaintiff believes the agreement reached by his attorney was not in his "best interest".

For these reasons, the defendant's motion should be allowed and the settlement agreement between the parties should be enforced.

2. Leave To Amend Answer.

In the alternative, the defendant moves for leave to amend its Answer for the purpose of adding a counterclaim for breach of settlement agreement. Allowing such an amendment would be in the interest of judicial efficiency and would preclude the need for defendant to bring a separate action for breach of contract.

Respectfully submitted,

MARRIOTT INTERNATIONAL, INC.
By its attorney,

/s/ Kevin B. Callanan
_____
Kevin B. Callanan BBO#070620
Law Office of Kevin B. Callanan
17 Accord Park Drive – Suite 101
Norwell, MA 02061
781-878-1604

Certificate of Service

    I hereby certify that a true copy of the foregoing document with attachments was served on counsel of record for the plaintiff, John W. Davis, Davis & Davis P.C., 77 Franklin Street, 3rd Floor, Boston, MA 02110 by e-mail and by regular mail on February 23, 2006.

                                         /s/ Kevin B. Callanan
                                         _____
                                         Kevin B. Callanan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

JOHN BENSON,
      Plaintiff,

v.                                     Civil Action No. 05-11112-RWZ

MARRIOTT INTERNATIONAL, INC.
      Defendant.
_____/

## AFFIDAVIT OF ATTORNEY KEVIN B. CALLANAN

I, Kevin B. Callanan, counsel of record for the defendant, state as follows:

1.    On January 17, 2006, I received by e-mail a settlement offer of $7,500 from Attorney John W. Davis, counsel of record for the plaintiff. See Exhibit 1 attached.

2.    On January 20, 2006, I informed Attorney Davis that the defendant "accepts your offer to settle for $7,500". See Exhibit 1.

3.    On January 23, 2006, Attorney Davis requested the settlement check be made payable to "Davis and Davis, P.C., as attorneys for John Benson." See Exhibit 2.

4.    On January 26, 2006, I forwarded a proposed "Settlement Agreement and Release of All Claims" and a "Stipulation of Dismissal" to Attorney Davis to be signed and returned. See Exhibit 3.

5.    On February 8, 2006, I received a telephone call from Attorney Davis stating that he had been discharged as John Benson's attorney.

1

2

      6.      On February 13, 2006, I received a letter from the plaintiff, John Benson, stating that the "tentative agreement" was not in his best interest. See <u>Exhibit 4</u>.

      7.      On February 20, 2006, Attorney Davis filed a Motion To Withdraw Appearance which is now pending before the Court.

Signed under the penalties of perjury on this 23rd day of February 2006.

                                              /s/ Kevin B. Callanan
                                              _____
                                              Kevin B. Callanan



Exhibit 1



Exhibit 2



Exhibit 3



Kevin B. Callanan  
17 Accord Park Drive, Suite 101  
Norwell, MA 02061

February 10, 2006

**RE: Benson vs. Marriott International, Inc.**
    **Docket No: 05-11112-RWZ**

Dear Mr. Callanan:

    This letter is to inform you, that I am no longer being represented by John Davis P.C. of Davis and Davis, in the case Benson vs. Marriott Docket No: 05-11112-RWZ.
    I understand you and Mr. Davis had a tentative agreement, and after careful consideration of the proposed settlement, I realized that the settlement did not have my best interest in mind; it only satisfied parties other than myself.
    I am in the process of seeking other council at this time, and I will advise, and or you will be kept informed. Any further inquiries to this case should be directed to me personally until such time.

    Thank You for your attention to this matter.

                                                               Sincerely,

                                                              John A. Benson Jr.
                                                              90 Chaffee Ave.
                                                              Waltham MA. 02453

                                                              (781) 373-1445